UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KYMBERLY A. BECK,

        Plaintiff

    v.                  C-1-10-398

COMMISSIONER OF SOCIAL SECURITY,

        Defendant

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 14), defendant's objections (doc. no. 15), plaintiff's objections (doc. no. 16) and plaintiff's memorandum in opposition to defendant's objections (doc. no. 17). Plaintiff, a Disability Insurance Benefits (DIB) claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the defendant denying plaintiff's application for disability insurance benefits. In the Report and Recommendation, the Magistrate Judge concluded that the defendant's decision denying plaintiff disability

insurance benefits is not supported by substantial evidence and therefore recommended that the case be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded for determination of the appropriate onset date and an award of benefits.

On March 8, 2007, plaintiff filed an application for DIB, alleging an onset disability date of July 1, 2000.  Plaintiff's application was denied initially and upon reconsideration.  Plaintiff's request for a *de novo* hearing before an Administrative Law Judge (ALJ) was granted.  A hearing was held on November 3, 2009 and plaintiff, who was represented by counsel, appeared and testified before ALJ Thomas R. McNichols, II.  Vocational Expert (VE), William J. Braunig, also testified at the hearing.  The ALJ issued a decision denying plaintiff's DIB application on December 3, 2009 and the Appeals Council denied plaintiff's request for review.

Defendant makes the following specific objections to the Report and Recommendation.

The Commissioner objects to the Magistrate Judge's finding that the ALJ erred in giving little weight to the opinions of plaintiff's treating physician, Dr. Reynolds.  Between June 15, 2007 and May 20, 2009, Dr. Reynolds rendered several opinions regarding plaintiff's psychological/psychiatric impairments.  Dr. Reynolds had never seen plaintiff professionally until May 12, 2005, however, he opined that plaintiff was disabled at that time and for at least six months before she first came to see him.   Dr. Reynolds continued to provide opinions about plaintiff's disability in response to SSA rejecting his initial opinions. Defendant argues that the retrospective and conclusory opinions offered by Dr. Reynolds are not entitled to significant weight because they are not supported by relevant contemporaneous objective evidence.

The defendant also objects to the Magistrate Judge's finding that evidence contemporaneous with the period at issue supports Dr. Reynolds' opinions.  The Commissioner also objects to the Magistrate Judge's Report and Recommendation remanding this case for a determination of an onset date and an award of benefits.  Defendant argues that if the ALJ's decision is not supported by substantial

4

evidence, it should be remanded for further proceedings, rather than for the determination of an onset date and the award benefits.  This Court DENIES the objections.

Dr. Reynolds reviewed the office notes of Dr. Kravetz who saw plaintiff from January 2003 through December 2003.  Based on the description of the severity of plaintiff's symptoms by Dr. Kravetz, Dr. Reynolds concluded plaintiff was disabled.  The only contrary opinion to the opinion of Dr. Reynolds, M.D.  was provided by the state agency non-examining, reviewing psychologist, Dr. Hoyle, Ph.D. and was based on an incomplete record.

The ALJ failed to accord proper weight to the opinions expressed by plaintiff's long-time treating psychiatrist, Dr. Reynolds, in contravention of Social Security regulations and the law of this Circuit.  The Magistrate Judge correctly concluded that the ALJ had substituted his own personal opinion for the medical opinion offered by Dr. Reynolds.

5

**Plaintiff objects to the recommendation of the Magistrate Judge that the case be remanded for a determination of the appropriate onset date because Dr. Kravetz treated Ms. Beck from January 20, 2003 through early 2005, and Dr. Reynolds expressly based his opinion upon a review of the records of Dr. Kravetz.  Accordingly, the Court should find January 20, 2003 as the appropriate date of disability.  Benefits, therefore, should be paid from March 1, 2006 forward.  This objection is DENIED.**

**Upon a *de novo* review of the record, especially in light of the parties' objections, the Court finds that parties' contentions have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments which warrant specific further responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and this Court agrees with the Magistrate Judge.**

6

**Accordingly, the Court ADOPTS AND INCORPORATES HEREIN BY REFERENCE the Report and Recommendation of the United States Magistrate Judge. This case is REVERSED AND REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for a determination of the correct onset date and, if the onset date is determined to be on or before March 31, 2005, an award of benefits.**

**This case is TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

                                            **s/Herman J. Weber**
                                  **Herman J. Weber, Senior Judge**
                                      **United States District Court**