UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KYMBERLY BECK,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:10-cv-398
Weber, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 20) and the Commissioner's response. (Doc. 21).

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).

On June 9, 2011, a Report and Recommendation was issued recommending that plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) for a determination of plaintiff's disability onset date and an award of benefits. (Doc. 14). On August 12, 2011, the District Court adopted the Report and Recommendation and issued a final appealable order. (Doc. 18). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Sec'y of H.H.S.*, 923 F.2d

1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on November 7, 2011 and was therefore timely. (Doc. 20). This matter is now ripe for a decision on plaintiff's motion for fees.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

## Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when she obtained a reversal and remand for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

**Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole,

3

rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined that the decision of the ALJ lacked substantial support in the record because the ALJ did not properly weigh the medical opinion evidence of record. Specifically, the Court found that the ALJ did not provide sufficient reasons for discounting the opinion of plaintiff's treating psychologist and, further, that the ALJ improperly substituted his own "medical" opinion for those of the treating physicians. The Court determined that the ALJ's decision should be reversed, that the evidence of record established disability, and that the matter should be remanded for an award of benefits and a determination of the disability onset date.

The Commissioner does not object to plaintiff's request for EAJA fees and has provided no argument that the government's position was substantially justified. Accordingly, the Court finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees in the amount of $4,250.00[1] and requests hourly attorney fees of $170.00, representing the $125.00 hourly rate set by the EAJA statute adjusted for inflation, per month, based on the cost of living increases since enactment of the EAJA. (Doc. 20, p.7, Bureau of Labor Statistics Consumer Price Index for All Urban Consumers). The Commissioner does not object to the requested hourly rate.

In determining the hourly rate for an attorney fee award, the Court must first consider the prevailing market rate charged by Social Security practitioners in Southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . ."). In *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court noted that the critical question in determining the reasonableness of attorney fees is "the appropriate hourly rate." *Id.* at 895 n.11. The Supreme Court stated:

---

[1] Plaintiff did not move for associated costs or expenses.

5

> [T]he rates charged in private representations may afford relevant comparisons. In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to – for convenience – as the prevailing market rate.

*Id.*

In *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009), the Sixth Circuit reiterated that the burden of justifying an increase in the statutory hourly rate rests with the EAJA plaintiff. *Id.* at 450 (citing *Blum*, 465 U.S. at 898). The district court in *Bryant* indicated that the plaintiff's burden to establish the prevailing market rate may be met through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and that the district court may take "judicial notice of the historical fee reimbursement rate in the district." *Turner v. Astrue*, No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom.*, *Bryant*, 578 F.3d 443 (citing *London v. Hatter*, 134 F. Supp.2d 940, 941-942 (E.D. Tenn. 2001)). The district court determined that an increase in the statutory hourly rate was not justified in the two cases before it because the plaintiffs' counsel had failed to provide proof that the reasonable and customary attorney fee for comparable work in the relevant geographical area exceeded $125.00 per hour. The Court of Appeals found no abuse of discretion by the district court in limiting the hourly rate to the $125.00 statutory rate where the plaintiffs' attorney submitted only the Department of Labor's Consumer Price Index to support the request for an increase in the statutory hourly rate based on inflation. *Bryant*, 578 F.3d at 450.

In light of *Bryant,* this Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation.[2] *See, e.g., Ayers v. Astrue,* No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct. 18, 2011) (Report and Recommendation) (Bowman, M.J.), *adopted,* 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon v. Comm'r of Soc. Sec.,* No. 1:08-cv-510, 2009 WL 5194385, at *4 -5 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (awarding $170.00 per hour in EAJA fees). In each of these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates nationally and in Cincinnati establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers,* No. 1:10-cv-30, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $213 for downtown Cincinnati law firms). This Court notes that more recently a 2010 Ohio State Bar Association Survey of attorney fee rates shows a mean hourly rate of $231 per hour for Greater Cincinnati, $251 per hour for downtown Cincinnati, and $209 per hour for suburban Cincinnati. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at

---

[2] Plaintiff's counsel has not submitted any evidence of her own customary hourly rate or average national and local billable hourly rates. Nor has plaintiff's counsel submitted an affidavit in support of her fee request as is customary. However, because the Commissioner has not objected to the instant fee request the Court is not inclined to deny the fee petition solely on plaintiff's counsel's failure to include this generally requisite evidence.

http://www.ohiobar.org/General %20 Resources /pub/2010_ Economics_of_Law_Practice_ Study.pdf). The Court can look to such evidence of legal fees charged in the same geographic area, as well as take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner*, No. 06-450, 2008 WL 2950063, at *1.

In this case, the hourly rate requested by counsel is in keeping with the prevailing market rate for the Southwestern Ohio geographic area. In light of the cases in the Southern District of Ohio cited above, as well as the survey from the Ohio State Bar Association, the Court takes judicial notice that the prevailing market rate in the local Cincinnati and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $170.00 per hour. However, the Court notes that plaintiff has not utilized the preferred method of calculating counsel's fees in the instant petition.

Although the cost of living "has risen since the enactment of the EAJA," the decision whether this increase justifies a fee in excess of the $125.00 statutory rate that went into effect on March 29, 1996,[3] is a matter left within the district court's discretion. *Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber

---

[3] *See London v. Halter*, 203 F. Supp.2d 367, 373 (E.D. Tenn. 2001) (citing Contract with America Advancement Act of 1996, PL 104-121, §§ 231-233).

stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

This District Court has determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which the plaintiff filed his EAJA petition (current rates). *See Jones v. Comm'r of Soc. Sec.*, No. 1:05cv789, 2007 WL 1362776, at *4 (S.D. Ohio May 8, 2007) (Barrett, J.). *See also Fantetti v. Comm'r of Soc. Sec.*, No 1:08cv621, 2010 WL 546729, at *3 (S.D. Ohio Feb. 12, 2010) (Dlott, C.J.). In determining the increased rate to use, the Court notes that the Consumer Price Index ("CPI") is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 360 F. Supp.2d 963, 974 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002). In the event an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *See Knudsen,* 360 F. Supp.2d at 975; *Gates*, 325 F. Supp.2d at 1347.

Applying these principles to the instant case, the Court notes that plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Plaintiff has requested an hourly rate of $170.00 based on the CPI for all urban consumers. However, plaintiff cites to no authority for applying the CPI for this category, and the Court is not aware of any EAJA cases where the CPI for all urban consumers has been applied. Instead, judges in this district have applied the CPI for either Services or All Items in calculating the appropriate cost of living increase. *See Adkins v. Comm'r of Soc. Sec.*, No. 1:07cv073, 2011 WL 2020647, at *2 (S.D. Ohio May 24, 2011) (Barrett J.) (recognizing discrepancy among decisions, citing cases, and determining that the appropriate index is that found in the "All Items" category).

Plaintiff seeks attorney fees for work performed in 2010 and 2011. Plaintiff has simply requested an hourly fee of $170.00 for work done in both years rather than applying the annual multipliers for 2010 and 2011. As the hourly rates proposed by plaintiff are lower than the CPIs for the relevant time period ($171.43 for 2010 and $176.49 for 2011) and the Commissioner has not objected to this rate, the Court finds that plaintiff's requested rate is appropriate.

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

In light of the above, the Court finds that plaintiff is entitled to attorney's fees for 25 hours of work done in 2010 and 2011 at an hourly rate of $170.00 for a total of $4,250.00.

However, to the extent that plaintiff requests that the Court direct the government to issue EAJA fees directly to her attorney this request is denied pursuant to the Supreme Court's holding in *Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521 (2010). In *Ratliff*, the Supreme Court held that EAJA awards are payable to the prevailing party and not to that party's attorney. *Id.* at 2525. *See also Renneker v. Astrue*, No. 1:10–cv–386, 2012 WL 12696, at *2 (S.D. Ohio January 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti–Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a preexisting debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $4,250.00 in attorney fees payable to plaintiff.

Date: 2/13/2012

Karen L. Litkovitz
United States Magistrate Judge

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KYMBERLY BECK,
Plaintiff

Case No. 1:10-cv-398
Weber, J.
Litkovitz, M.J.

vs

COMMISSIONER OF
SOCIAL SECURITY,

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).