**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KYMBERLY BECK,
      Plaintiff,

      vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

Case No. 1:10-cv-398
Weber, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social

Security Act, 42 U.S.C. § 406(b)(1) (Doc. 25), the Commissioner's response in opposition (Doc.

26), and plaintiff's reply memorandum. (Doc. 28).

On August 12, 2011, the Court reversed and remanded this case for an award of

Disability Insurance Benefits ("DIB") and a determination of plaintiff's disability onset date.

(Doc. 18).   Upon plaintiff's motion, the Court awarded plaintiff $4,250.00 in attorney fees and

costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 23, 24).

After an administrative hearing on remand, plaintiff was found disabled as of March 2006. (Doc.

25, Ex. A).  Plaintiff subsequently applied for and was granted auxiliary benefit payments for her

two children.  Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past

due benefits on the account of plaintiff and her children - or $58,815.75 - as a potential

contingency fee to be awarded to plaintiff's counsel.  (Doc. 25, Exs. B, C, D).  This matter is

now before the Court on plaintiff's motion seeking an award of $30,000.00 in attorney fees

under § 406(b) for work performed before the Court.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney

a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for

work done in a judicial proceeding.  42 U.S.C. § 406(b)(1)(A).  *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration).  Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel.  *Gisbrecht*, 535 U.S. at 807.  When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.  The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases.  *Id.* at 808.  *See also Rodriquez*, 865 F.2d at 746.  Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case.  *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746.  An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research.  *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Plaintiff asserts the requested fee is reasonable given attorney Edward Ahlers' background and 31 years of experience, the contingency fee agreement, the difficult factual and legal issues presented by this case, and a prior § 406(b) fee award in excess of $40,000.00 granted to attorney Ahlers. (Doc. 25 at 6-8). Plaintiff has submitted a copy of the contingency fee agreement she entered into with counsel under which she agreed to pay attorney Ahlers a contingency fee of 25 percent of past-due benefits. (Doc. 25, Ex. E). Plaintiff notes that her attorney would be entitled to fees in the amount of $54,565.75 (the 25 percent past-due benefit amount withheld by the Social Security Administration - $58,815.75 minus the $4,250.00 in EAJA fees already paid to counsel), but she is seeking significantly less as the requested fees are limited to $30,000.00. (Doc. 25 at 7).

The Commissioner objects to the fee request on the ground that awarding $30,000.00 would constitute a windfall to plaintiff's counsel. The Commissioner argues that a significant portion of the awarded benefits were generated solely through the delay of this case, noting that

3

nearly six years elapsed between plaintiff's initial application for benefits and the award of such benefits. The Commissioner states that awarding the requested amount would equate to an hourly rate of $1,276.60, far in excess of reasonable rates for the area. The Commissioner asserts that the fee award should be limited to $8,460.00 for the 23.5 hours of work performed by attorney Ahlers at the allegedly reasonable hourly rate of $360.00. (Doc. 26).

The hypothetical hourly rate in this case exceeds twice the standard rate of $360.00.[1] The requested $30,000.00 fee may arguably be viewed as a windfall given the 23.5 hours spent by counsel before the Court in this case. However, upon careful review, the undersigned finds that plaintiff's counsel has met his burden of showing the reasonableness of the fees requested. *See* 42 U.S.C. § 406(b); *Gisbrecht*, 535 U.S. at 807.

First, the request is supported by a contingency fee agreement between plaintiff and attorney Ahlers and is therefore presumptively reasonable. *See Rodriquez*, 865 F.2d at 746. *See also Hayes*, 923 F.2d at 422. Plaintiff and her counsel entered into a contingency fee agreement which provides that counsel is entitled to 25 percent of past due benefits, *i.e.,* $58,815.75. Plaintiff has reaffirmed her commitment to the contingency fee agreement she entered into with counsel by providing a "Statement" that she was "very happy" with attorney Ahlers' representation and the outcome of her claim and has no objection to attorney Ahlers being awarded the entire 25 percent - $58,815.75 - agreed to under the contingency fee agreement. (Doc. 28, Ex. A). While the contingency fee agreement entitles attorney Ahlers' to 25 percent of past due benefits, his requested fee of $30,000.00 reflects an effective contingency fee rate of 12.75 percent, much less than the agreed to 25 percent. These factors weigh against a finding of a windfall to counsel.

---

[1] For purposes of engaging in the *Hayes* analysis, the Court applies the $360.00 per hour rate the Commissioner has ceded is reasonable. *See* Doc. 26 at 2-3.

Second, the Commissioner's opposition to the fee request appears to be based on the large amount of back benefits awarded to plaintiff as a result of the six-year delay before she was finally awarded benefits. *See* Doc. 26 at 3. It is hardly fair to criticize plaintiff or counsel for the lengthy delay in this case when such delay was caused by the Commissioner's repeated denials of plaintiff's claim through the administrative level and continued defense of the denial decision on appeal to this Court. Additionally, the Court notes that counsel for plaintiff did not request any extensions of time before the Court which would have caused an increase in past due benefits. *Cf. Gisbrecht*, 535 U.S. at 808 ("If the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.").

Third, this is not a case where counsel expended minimal effort on a relatively routine Social Security matter. Rather, counsel overcame significant factual and legal obstacles to achieve an excellent result for his client: (1) attorney Ahlers undertook representation of plaintiff more than two years *after* the expiration of her insured status; (2) plaintiff did not begin treating with her current attending psychiatrist until after the expiration of her insured status (an issue the ALJ relied on in giving little weight to the treating psychiatrist and denying plaintiff benefits); (3) counsel had to track down medical records from plaintiff's former treating psychiatrist who treated plaintiff prior to her date last insured and who had retired from the practice of medicine in the interim; (4) counsel was able to secure the current psychiatrist's review of the records of plaintiff's former psychiatrist; and (5) counsel was able to obtain the treating psychiatrist's opinion on the consistency of his observations and findings with those of plaintiff's former psychiatrist, as well as his opinion on the probable onset date of plaintiff's disabling psychiatric condition. This was a difficult case to prove given the date-last insured-

5

issues, and counsel's persuasive advocacy before this Court resulted in significant benefits to his client and her children. *See Rodriquez*, 865 F.2d at 747. Although the requested fee in this case is higher than many others considered by the Court, it is not unreasonable given the difficult issues faced by counsel and the risk of non-payment assumed by attorney Ahlers by representing plaintiff on a contingency fee basis. *Cf. Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853 (6th Cir. 1997) (finding the fee was not truly contingent where fee agreement was not signed until after judgment was entered for claimant). There have been no allegations of improper conduct or ineffectiveness on the part of counsel during the course of this case, nor has the Court perceived any conduct that would require a reduction of the fee in this case. Lastly, awards of this size are not without precedent. *See Phillips v. Comm'r of Soc. Sec.*, No. 3:10-cv-378, 2013 WL 4647335 (S.D. Ohio Aug. 29, 2013) (Rice, J.) (awarding § 406(b) attorney fees of $18,975.55); *Lovett v. Comm'r of Soc. Sec.*, No. 3:10-cv-443, 2013 WL 1500282 (S.D. Ohio Apr. 11, 2013) (Black, J.) (awarding attorney fees pursuant to 42 U.S.C. § 406(b) of $21,275.00); *McCullers v. Astrue*, No. 3:09-cv-00270, 2011 WL 5526366 (S.D. Ohio Nov. 14, 2011) (Black, J.) (granting attorney fees in the amount of $24,628.38 pursuant to 42 U.S.C. § 406(b)). *See also Vanner v. Comm'r of Soc. Sec.*, No. 09-cv-12082, 2013 WL 1010738 (E.D. Mich. Mar. 14, 2013) (granting § 406(b) motion for fees in the amount of $29,152.60); *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp.2d 666 (S.D.N.Y. 2010) (awarding $28,934.00 under § 406(b)). The Court concludes that the requested fee is reasonable under the circumstances presented by this case. Accordingly, counsel's motion for fees under § 406(b) should be granted and counsel should be awarded $25,750.00 as his fee in this case, which represents the $30,000.00 fee award under §406(b)(1)(A) less $4,250.00 in EAJA fees already awarded to counsel.[2]

---

[2]*See Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve

The Court therefore **RECOMMENDS** that plaintiff's §406(b) motion for attorney fees

be **GRANTED** and that counsel be **AWARDED $25,750.00** as his fee in this case.

Date: 12/9/13

Karen L. Litkovitz
United States Magistrate Judge

as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should
be refunded to the client).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KYMBERLY BECK,
      Plaintiff,

    vs.

COMMISSIONER OF
SOCIAL SECURITY,
      Defendant.

Case No. 1:10-cv-398
Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8